2014 Ark. App. 422

**Chidi UKEGBU and Dorothy Ukegbu, Individually and d/b/a America's Pre–Owned Selection, Appellants**

v.

**Joshua S. DANIELS, d/b/a Ryder Wholesale Auto, Appellee.**

No. CV–13–966.

Court of Appeals of Arkansas.

June 18, 2014.

Evertt O. Martindale, Little Rock, for appellants.

The Applegate Firm, PLLC, Maumelle, by Kayla M. Applegate and Ryan J. Applegate, for appellees.

RHONDA K. WOOD, Judge.

On May 14, 2014, appellants filed a Petition for Rehearing. We deny the Petition and issue this substituted opinion. Appellants Chidi Ukegbu, Dorothy Ukegbu, and America's Pre–Owned Selection contest the circuit court's decision to grant summary judgment and award damages in favor of appellee, Joshua S. Daniels d/b/a Ryder Wholesale Auto. Appellants contend there were genuine issues of material fact that would preclude summary judgment. They also challenge the circuit court's calculation of damages. We affirm and find that summary judgment and the damages award were appropriate.

Appellee filed a complaint against appellants for violation of Arkansas's Odometer Fraud Act; he sought monetary damages under both the Odometer Fraud Act and the Deceptive Trade Practices Act. He alleged that appellants sold him a

car with an odometer displaying approximately 124,000 miles when, in fact, the car had over 222,000 miles. Appellee filed a motion for summary judgment, which included documentation supporting his claims. Appellants filed a response to the motion and a supporting affidavit, admitting that the instrument panel in the car had been replaced, but they stated that they informed appellee of the discrepancy at the time of sale. Appellee filed a reply, arguing that appellants failed to meet proof with proof. At the hearing on the motion, the circuit court granted summary judgment in favor of appellee and awarded damages.

We first address the summary-judgment issue. Our standard of review is well established:

> Summary judgment may be granted only when there are no genuine issues of material fact to be litigated and the moving party is entitled to judgment as a matter of law. Once the moving party has established a prima facie entitlement to summary judgment, the opposing party must meet proof with proof. On appeal from the grant of summary judgment, we determine if there are genuine issues of material fact in dispute by viewing the evidence in the light most favorable to the party resisting the motion and resolving any doubts and inferences against the moving party. As to the issues of law presented, our review is de novo.

*Hoosier v. Interinsurance Exch.,* 2014 Ark. App. 120, at 4, 433 S.W.3d 259, 262 (internal citations omitted).

We agree that summary judgment was appropriate as there were no genuine issues of material fact remaining in this case. Appellants simply failed to meet proof with proof. The circuit court properly found that appellants had violated both the Odometer Fraud Act and the Deceptive Trade Practices Act.

First, the Odometer Fraud Act states that a person cannot reset or alter "an odometer of a motor vehicle intending to change the mileage registered by the odometer." Ark.Code Ann. § 4–90–204(2) (Repl.2011). The Act requires that, if an odometer of a motor vehicle is replaced and the mileage cannot remain the same, the odometer shall be adjusted to zero and the actual mileage should be posted on the vehicle. Ark.Code Ann. § 4–90–205. Appellants admitted in their responses to requests for admission that the car in question had 222,104 miles on it and that they had replaced the odometer before selling it to appellee. Also, there was evidence that the odometer displayed significantly fewer miles when it was sold. Appellants thus violated the statute by failing to have the odometer read the correct mileage or by adjusting it to zero to put buyers on notice.

Second, the Deceptive Trade Practices Act makes unlawful the "concealment, suppression, or omission of any material fact with the intent that others rely upon the concealment, suppression, or omission." Ark.Code Ann. § 4–88–108 (Repl.2011). The evidence presented by appellee was that the correct mileage was concealed and that he relied on it to his detriment, which resulted in appellants obtaining a higher sales price. In addition, the Odometer Fraud Act provides that a violation of it "shall constitute an unfair or deceptive act or practice as defined by the Deceptive Trade Practices Act." Ark.Code Ann. § 4–90–203.

Appellants did not present proof in their summary-judgment response that they had complied with either of these acts. Appellee presented sufficient evidence to prove his case for summary judgment, and appellants failed to present evidence that would establish a material issue of fact when the burden shifted. As such, summary judgment was appropriate.

Next, appellants challenge the amount of damages awarded by the circuit court. Appellee presented proof of the economic loss he sustained, and appellants failed to provide any counter evidence. Therefore, no material fact was at issue regarding appellee's economic loss before the court. In its order, the circuit court found that appellee's economic loss was $2800 and awarded appellee $2800 in economic damages as well as an additional $8400 in treble damages. These damage awards are authorized by statute. First, the odometer fraud statute provides that "[a] person who violates this subchapter ... is liable for three (3) times the actual damages or one thousand five hundred dollars ($1,500) whichever is greater." Ark.Code Ann. § 4–90–207. The Act further states that this does not "in any way limit any other statutory rights ... causes of actions, or remedies ... for ... [d]eceptive trade practices actions." Ark.Code Ann. § 4–90–207(b)(5).

Second, the Deceptive Trade Practices Act provides that any person injured as a result of this Act is entitled "to recover actual damages, if appropriate, and reasonable attorney's fees." Ark.Code Ann. § 4–88–113(f). Here, the court found that the appellants had violated both the Odometer Fraud Act and the Deceptive Trade Practices Act, thus making the award for damages for economic loss, treble damages, and attorney's fees appropriate.

We affirm the decision of the circuit court both in respect to the summary judgment and in the damages awarded.

Affirmed.

PITTMAN, WALMSLEY, HARRISON, GRUBER, and BROWN, JJ., agree.